<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **G.W.**, *et al.*, | Civil Action No. 21-20657 (EP) (JSA) |
| **Plaintiffs,** | **OPINION & ORDER** |
| v. | |
| **RINGWOOD BOARD OF EDUCATION**, *et al.*, | |
| **Defendants.** | |

**ALLEN, U.S.M.J.**

Presently before the Court is the motion of John Rue, Esq. ("Rue"), Saran Q. Edwards, Esq. ("Edwards"), and the law firm of John Rue & Associates, LLC (sometimes collectively "Movants" or "JRA"), seeking to withdrawal as counsel for Plaintiffs G.W. and K.W., individually, and on behalf of their minor child, M.W., ("Plaintiffs").[1] (ECF No. 25). Plaintiffs oppose the motion.[2] No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered all of the parties' submissions, and for the reasons set forth below, and for good cause shown, the motion to withdraw is **GRANTED**.

**I.    BACKGROUND**

As this Court writes primarily for the parties' benefit, it recites only the relevant facts and procedural history necessary to decide the instant motion. On December 22, 2021, Plaintiffs filed

---

[1] JRA filed the instant motion to withdraw under seal. Thereafter, on September 6, 2022, JRA filed an unopposed motion to seal all of the papers submitted in support of and in opposition to the motion to withdraw, (ECF No. 39), which this Court granted in part and denied in part by Order issued on October 25, 2022. (ECF No. 49).

[2] The official docket confirms that Defendants Ringwood Board of Education; New Jersey Department of Education; Angelica Allen-McMillan, Acting Commissioner of Education; and the New Jersey Office of Administrative Law have submitted no papers in connection with the merits of the motion.

this action, appealing an administrative final decision. (ECF Nos. 1 & 2). Plaintiffs assert claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act, against Defendants Ringwood Board of Education ("Ringwood BOE"); New Jersey Department of Education; Angelica Allen-McMillan, Acting Commissioner of Education; and the New Jersey Office of Administrative Law (collectively "State Defendants"). (ECF No. 2).

On February 1, 2022, Defendant Ringwood BOE filed an answer to the complaint and asserted counterclaims. (ECF No. 10). On March 6, 2022, Plaintiffs filed a motion to dismiss the counterclaims. (ECF No. 14).[3] On April 11, 2022, the State Defendants moved to dismiss Plaintiffs' complaint. (ECF No. 19).[4] On May 5, 2022, attorney Robert Thurston ("Thurston") from the Thurston Law Offices LLC filed a notice withdrawing from the case, (ECF No. 21), which the Clerk's Office granted on May 6, 2022.[5] (ECF No. 22).

On July 8, 2022, JRA filed this motion seeking to withdraw. (ECF No. 25). In support of the motion, JRA makes three key arguments. (*See* ECF Nos. 25-1 & 25-3). First, JRA contends

---

[3] On September 9, 2022, the Honorable Evelyn Padin, U.S.D.J., issued an Opinion and Order, (ECF Nos. 40 & 41), granting in part and denying in part Plaintiffs' motion to dismiss Ringwood BOE's counterclaims.

[4] The State Defendants' Motion to Dismiss, which has not been fully briefed, was administratively terminated by Order entered on May 23, 2022 by the Honorable Julien X. Neals, U.S.D.J. (ECF No. 23). On July 18, 2022, the Undersigned issued an Order, (ECF No. 29), granting JRA's letter request for an adjournment of Plaintiffs' deadline to file opposition to the motion to dismiss, pending a decision on the motion to withdraw.

[5] In their sur-opposition, Plaintiffs take issue with Thurston's withdrawal from the case. (ECF No. 38 at 2 n. 2). Plaintiffs contend that Thurston's unilateral withdrawal was improper and should be voided because he was required to seek leave of court to withdraw, pursuant to "Local Rule 18." (*Id.*). Preliminarily, the Court notes that this District's Local Civil Rules do not contain a "Rule 18." Rather, Local Civil Rule 102.1 governs an attorney's withdrawal of appearance. The Court, however, does not find any proper basis to vacate Thurston's notice of withdrawal. The official docket confirms that prior to his withdrawal from the case on May 6, 2022, attorneys Rue and Edwards from the law firm of John Rue & Associates had entered their notices of appearance on behalf of Plaintiffs on February 8, 2022 and March 3, 2022, respectively. (ECF Nos. 11 & 13). Further, at the time of Thurston's withdrawal, Rue and Edwards remained as counsel of record for Plaintiffs. Accordingly, there was no need for substitute counsel, or for Thurston, to seek leave to withdraw, pursuant to Local Civil Rule 102.1. Thus, Plaintiffs' request to vacate Thurston's notice of withdrawal is **DENIED**.

that Plaintiffs have failed to meet their financial obligations to JRA, and thus, continued representation will cause an unreasonable financial burden on JRA. JRA asserts that it has attempted to work with Plaintiffs regarding this fee related issue, but those efforts have been unsuccessful. Second, JRA submits that a breakdown in communication has occurred between JRA and Plaintiffs. Finally, JRA states that Plaintiffs have been unresponsive to counsel's attempts to communicate with them. Thus, according to JRA, the totality of these circumstances has made representation of Plaintiffs no longer feasible.

In opposition, Plaintiffs contend that JRA improperly seeks to withdraw solely on the basis of a fee dispute, and in any event, Plaintiffs claim to have substantially complied with their financial obligations owed to JRA. (*See* ECF No. 32). They further submit that JRA's withdrawal will have a material adverse effect on Plaintiffs, pursuant to RPC 1.16(b), while JRA's continued representation of Plaintiffs will not cause JRA any undue financial burden or otherwise. (*See id.*).

**II.    DISCUSSION**

Local Civil Rule 102.1 provides, in relevant part, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. Other courts in this District have recognized "'[w]hether to permit an attorney to withdraw is within the discretion of a court.'" *Mazariegos v. Monmouth Cty. Corr. Inst.*, Civ. No. 12-5626, 2017 U.S. Dist. LEXIS 211786, at *5 (D.N.J. Dec. 27, 2017) (citation omitted); *see also Cuadra v. Univision Communs., Inc.*, Civ. No. 09-4946, 2012 U.S. Dist. LEXIS 48431, at *14 (D.N.J. Apr. 4, 2012). Further, under Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct ("RPC") govern the conduct of attorneys before the District of New Jersey. L. Civ. R. 103.1(a); *accord In*

*re Congoleum Corp.*, 426 F.3d 675, 687 (3d Cir. 2005) (citing *United States v. Balter*, 91 F.3d 427, 435 (3d Cir. 1996)); *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

As such, in reviewing a motion to withdraw, Courts in this District apply RPC 1.16, which governs an attorney's withdrawal from client representation. Subsection (b) of RPC 1.16 addresses the grounds on which an attorney may be permitted to withdraw from representing a client as follows:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause shown for withdrawal exists.

RPC 1.16(b).

Further, subsection (d) of RPC 1.16 provides, in relevant part, that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's

interests, such as giving reasonable notice to the client, allowing time for reemployment of other counsel, surrendering papers and property to which the client is entitled . . . ." RPC 1.16(d).

Guided by RPC 1.16(b), Courts in this District consider four criteria in evaluating a motion to withdraw:

(1) the reasons why withdrawal is sought,

(2) the prejudice withdrawal may cause to litigants,

(3) the harm withdrawal might cause to the administration of justice and

(4) the degree to which withdrawal will delay resolution of the case.

*Haines*, 814 F. Supp. at 423 (citation omitted); *see also U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Here, in considering the foregoing factors, this Court finds that permitting JRA to withdraw as counsel for Plaintiffs is warranted. With respect to JRA's first basis in support of withdrawal, it is clear, from the Court's review of the parties' respective submissions, that the issue boils down to a fee dispute to which the parties have repeatedly attempted to resolve. Importantly, Plaintiffs do not appear to dispute that at least some money is owed, but take issue with the amount owed and JRA's contention that continued representation in this case will cause JRA an unreasonable financial burden. In addressing the instant motion, the Court need not determine the precise amount of unpaid fees to date, as failure to pay outstanding legal bills alone is a sufficient basis to grant an attorney's motion to withdraw. Both the Third Circuit and Courts in this District have reached similar conclusions. *See, e.g., Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 83-85 (3d Cir. Mar. 26, 2013) (finding that defendant's failure to satisfy its financial obligations to pay outstanding balance in excess of $5,000 in legal fees warranted defense

counsel's withdrawal from the case); *Liberty Mut. Ins. Co. v. Ping Yip*, Civ. No. 20-3641, 2021 U.S. Dist. LEXIS 176323, at *6-7 (D.N.J. Sept. 16, 2021) (granting motion to withdraw as counsel based on similar grounds).

This Court finds that JRA has demonstrated, pursuant to RPC 1.16(b)(5), Plaintiff's failure to meet its financial obligation in full despite JRA expressly warning that it would move to withdraw as counsel if the financial obligation was not fulfilled. The Court further finds that other relevant factors weigh in favor of permitting JRA to withdraw. Based on this Court's evaluation of the motion, it appears that "the relationship between counsel and client has deteriorated to the point where the lawyer and client are at total odds, [and thus] withdrawal is often in the client's best interest." *Hamor v. Springpoint at Montgomery*, No. A-5537-18T2, 2020 N.J. Super. Unpub. LEXIS 2397, at *6-7 (N.J. Super. Ct. App. Div. Dec. 15, 2020) (citing *Tax Auth., Inc. v. Jackson Hewitt, Inc.*, 377 N.J. Super. 493, 501 n.4 (App. Div. 2005), *rev'd on other grounds*, 187 N.J. 4 (2006)). While Plaintiffs oppose the motion to withdraw, they do not appear to disagree that a fundamental breakdown in communication has occurred between them and JRA.

The Court is cognizant that permitting JRA to withdraw may cause delay here. That delay, however, will not cause a materially adverse impact on any of the parties. At the time the instant motion to withdraw was filed, the State Defendants had moved to dismiss the complaint, which is not fully briefed. Further, an initial scheduling conference has not yet been scheduled, and discovery has not yet begun. This case remains in an early stage. There has not been a final pretrial conference or a trial date set in this matter. Thus, any new counsel for Plaintiffs could reasonably familiarize him or herself with the case without causing substantial delay. Moreover, courts have permitted withdrawal under similar circumstances. *See U.S. ex rel. Cherry Hill*

*Convalescent, Ctr., Inc.,* 994 F. Supp. at 252-53 (granting leave to withdraw where no prejudice to any party was shown, the final pretrial order had not been entered nor a trial date scheduled, and where counsel and client had become "mired in an ongoing fee dispute which had affected their working relationship"); *see also Marlowe Patent Holdings v. Dice Elecs.*, Civ. No. 10-1199, 2013 U.S. Dist. LEXIS 84599, at *8 (D.N.J. June 17, 2013) (granting motion to withdraw as counsel where client had not paid legal fees and court deemed client had "sufficient time and opportunity to seek new counsel without causing undue delay in the proceedings"); *Margargal v. New Jersey*, Civ. No. 07-3531, 2011 U.S. Dist. LEXIS 130949, at *6-7 (D.N.J. Nov. 14, 2011) (granting motion where case was "still in its relative infancy" and in light of client's displeasure with counsel).

Given these facts, the Court does not see any prejudice to the parties. Withdrawal of counsel will not unduly delay this case as Plaintiffs G.W. and K.W. may seek new counsel or decide to prosecute their claims on their own while M.W. must seek new counsel.[6]

Accordingly, the Court finds that good cause exists to permit Movants' withdrawal of representation in this matter, pursuant to Local Civil Rule 102.1; and

---

[6] Plaintiffs further contend that they would be prejudiced if the motion to withdraw is granted as the law does not permit them to represent themselves pro se or represent their child's interests in this IDEA case. It is true that Plaintiffs G.W. and K.W. are not permitted to represent M.W. because, as the Third Circuit has made clear, "parents may not represent their children in IDEA cases in federal court." *R.B. v. Mastery Charter School,* 532 F. App'x 136, 137 n.1 (3d Cir. Jul. 25, 2013) (internal citation omitted); *see also Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 183 n.9 (3d Cir. 2009); *H.D. v. W. Orange Bd. of Educ.*, Civ. No. 19-18943, 2022 U.S. Dist. LEXIS 4749, at *7 n. 2 (D.N.J. Jan. 10, 2022). However, G.W. and K.W. may represent themselves regarding their own claims in federal court. *See Muse B. ex. rel. Hanna B. v. Upper Darby School District*, 282 Fed. App'x. 986, 990 (3d Cir. 2008) (citing *Winkleman v. Parma City School District*, 550 U.S. 516, 535, 127 S. Ct. 1994, 2006, 167 L.Ed.2d 904, 923 (2007) (wherein Supreme Court held that "[p]arents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf")).

**IT IS** on this 27th day of October, 2022,

**ORDERED** that the motion of John Rue, Esq., Saran Q. Edwards, Esq., and the law firm of John Rue & Associates, LLC to withdraw as counsel for Plaintiffs, (ECF No. 25), is hereby **GRANTED**; and it is further

**ORDERED** that Movants shall serve a copy of this Order on Plaintiffs by overnight and regular mail within three (3) business days of the date of this Order.  Movants' withdrawal shall not be effective until service is complete and proof of service is filed on the Court's docket; and it is further

**ORDERED** that Movants shall provide the Court with Plaintiffs' mailing address; and it is further

**ORDERED** that, to alleviate any potential prejudice that Plaintiffs may suffer by the relief of Movants, and consistent with RPC 1.16(d), Plaintiffs shall have **sixty (60) days until December 27, 2022** for new substitute counsel to enter an appearance on their behalf, or Plaintiffs G.W. and K.W. shall be deemed to be representing themselves *pro se* and Plaintiff M.W. will be deemed to be unrepresented by counsel.  To be clear, Plaintiff M.W. must seek representation in this matter. As previously noted herein, "parents may not represent their children in IDEA cases in federal court." *R.B.*, 532 F. App'x at 137 n.1.; and it is further

**ORDERED** that the State Defendants' pending Motion to Dismiss, (ECF No. 19), shall remain administratively terminated until the December 27th court ordered deadline; and it is further

**ORDERED** that **on or before January 5, 2023**, the parties shall file a joint letter, setting forth any proposed agreed upon briefing schedule for the submission of opposition and reply papers in connection with the State Defendants' motion to dismiss; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion to Withdraw filed at ECF No. 25.

<u>*s/Jessica S. Allen*</u>
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

cc:   Hon. Evelyn Padin, U.S.D.J.