<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

G.W. and K.W., *et al.*,

    Plaintiffs,

    v.

RINGWOOD BOARD OF EDUCATION, *et al.*,

    Defendants.

No. 21cv20657 (EP) (JSA)

**MEMORANDUM ORDER**

**PADIN**, **District Judge.**

    Plaintiffs, the parents of M.W., a fourteen-year-old student with autism, filed this action against Defendants Ringwood Board of Education ("Ringwood") and various New Jersey state entities (the "State Defendants") asserting claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act. Plaintiffs appeal the October 27, 2022 Opinion and Order of Magistrate Judge Allen permitting the withdrawal of Plaintiffs' counsel ("Counsel"). D.E.s 52, 53 (appealing D.E. 50 (the "Order")). Counsel has opposed. D.E. 54 ("Opp'n"). Plaintiffs have replied. D.E. 56 ("Reply"). Defendants have not opposed. For the reasons below, the Court will **DENY** the appeal.[1]

**I.    BACKGROUND**

    The Order contains the relevant background, which the Court adopts here. Order at 1-3. Briefly, Counsel asserted three bases to withdraw: a fee dispute, a breakdown in communication, and Plaintiffs' unresponsiveness to Counsel. *Id.* at 2-3. Judge Allen addressed the RPC 1.16

---

[1] Oral argument is not necessary to resolve this motion. L.Civ.R. 78(b).

factors and permitted withdrawal. Judge Allen found, as relevant here, that a fee dispute existed, that the relationship between Plaintiffs and Counsel had deteriorated, and that Plaintiffs would not be prejudiced by counsel's withdrawal. Order at 4-7. The Court agrees with Judge Allen's analysis.

## II.   LEGAL STANDARD

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). In considering an appeal of a non-dispositive order by a magistrate judge, a district court will normally modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A).

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 U.S. Dist. LEXIS 49109, at *3 (D.N.J. June 9, 2009); *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The appealing party bears the burden of establishing that the magistrate judge's decision was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

## III.   ANALYSIS

As Judge Allen noted, a lawyer may withdraw from representing a client if:

>    (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

>    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>    (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>    (7) other good cause for withdrawal exists.

Order at 4 (citing RPC 1.16(b)).

And as Judge Allen also noted, courts consider four withdrawal criteria: 1) the reason withdrawal is sought, 2) the prejudice withdrawal may cause to other litigants, 3) the harm withdrawal may cause to the administration of justice, and 4) the degree to which withdrawal may delay the resolution of the case. Order at 5 (citing *United States ex rel. Cherry Hill Convalescent Ctr. v. Healthcare Rehab Sys.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997)).

Nothing in Plaintiffs' submission indicates that Judge Allen's consideration of these factors was clearly erroneous. To the contrary, the Court agrees with Judge Allen's analysis. First, Judge Allen found that "the issue boils down to a fee dispute . . . which the parties have repeatedly attempted to resolve." Order at 5. Indeed, "Plaintiffs do not appear to dispute that at least some money is owed, but take issue with the amount owed and [Counsel's] contention that continued representation will cause . . . an unreasonable financial burden." *Id.*

Even on appeal, Plaintiffs still acknowledge that a fee dispute exists. *See* D.E. 52-1 ("Mot.") at 4-6. They challenge the Order's omission of the specific amount of the fee dispute, arguing that the omission makes it impossible to determine whether the financial burden imposed

upon Counsel would be "unreasonable."  *Id.* at 4.  But Judge Allen addressed this argument, holding correctly that "the Court need not determine the precise amount of unpaid fees to date, as failure to pay outstanding legal bills alone is a sufficient basis to grant an attorney's motion to withdraw."  Order at 5 (citing *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 83-85 (3d Cir. 2013), *Liberty Mut. Ins. Co. v. Ping Yip*, Civ. No. 20-3641, 2021 U.S. Dist. LEXIS 176323, at *6-7 (D.N.J. Sept. 16, 2021)); *see also Evolv Health, LLC v. Cosway USA, Inc.*, No. 2:16-cv-01602, 2017 U.S. Dist. LEXIS 63613, at *8 (C.D. Cal. Apr. 26, 2017) ("Failure to pay attorneys' fees or costs constitutes good cause for withdrawal from a representation.").  There is no bright-line threshold for a minimum amount of disputed fees.  But Plaintiffs themselves acknowledge that *Nogah* involved a dispute of just $5,000, and do not claim that the dispute here is over a lower amount.

Plaintiffs next challenge Judge Allen's finding that the relationship between Plaintiffs and Counsel had deteriorated irreparably.  Mot. at 8.  Plaintiffs acknowledge only that they "fully support the Complaint" (*Id.*), but still do not disagree that there has been an irretrievable breakdown in communication.  On this record, the Court cannot disagree with Judge Allen that there has clearly been an irretrievable breakdown between Client and Plaintiffs justifying withdrawal.  The continuing fee disputes, discussed further below, highlight the breakdown.

Much of Plaintiffs' briefing on this point centers on the argument that M.W. has been prejudiced because M.W.'s claims were "released" or "dissolved" without the benefit of counsel.  *See* Mot. at 12-14.  It appears that Plaintiffs are arguing that M.W. cannot proceed without counsel because Plaintiffs can represent themselves, but not M.W., in an IDEA matter.  This is correct, and Judge Allen noted as much.  Order at 7 n.6.  But there has been no "release" or "dissolution" of M.W.'s claims; as Judge Allen noted, Plaintiffs may proceed *pro se* or retain new counsel, and

4

Plaintiffs may retain new counsel for M.W. *Id.* There is no indication that M.W. has been prejudiced in the interim; the State Defendants' motion to dismiss has remained terminated since May 23, 2022, and will remain terminated. D.E.s 19, 23. Moreover, this Court will afford additional time to retain counsel.

It is unclear whether Plaintiffs have sought to retain new counsel for M.W.; their brief says only that they "have searched for and have been unable to find substitute counsel," without explaining their efforts to do so. But Plaintiffs do acknowledge that they have retained counsel to litigate their fee dispute against Counsel. That dispute centers on their argument, reiterated here, that they *have* paid fees on this matter in full, and that the fee dispute relates to a different case involving M.W. in which Counsel failed to file a Complaint following an Office of Administrative Law hearing. D.E.s 56-1 - 56-3.

Plaintiffs also filed a surreply that argues that Counsel's representation in another matter undermines Judge Allen's finding of an irretrievable breakdown in communication. D.E. 58. First, unauthorized surreplies are generally not permitted. L.Civ.R. 7.1(d)(6); *Alexandre v. Costco Wholesale Corp.*, No. 19-6286, 2019 U.S. Dist. LEXIS 96830, at *4 (D.N.J. May 21, 2019). But even if the Court considered the surreply, it does not help Plaintiff; Judge Clark permitted Counsel to withdraw in that case, relying on the Order in this matter. *See* D.N.J. Docket No. 19cv13734 (JMV) at D.E. 72.

Thus, whatever the merits of Plaintiffs' fee arguments, the Court agrees with Judge Allen that the RPC 1.16 factors favored withdrawal on the original motion. Plaintiffs' arguments and submissions here merely underscore Judge Allen's findings that Plaintiffs can seek counsel, that Plaintiffs and Counsel have an irretrievable breakdown in communication, and that a fee dispute persists. Accordingly, the Court will affirm Judge Allen's Order.

Finally, Plaintiffs' request, in the alternative, for a stay pending appeal is denied. Given the Court's holding, the request is moot. But the Court notes, in any event, that Plaintiffs have received the functional equivalent of a stay in this matter as a result of filing this appeal.

## IV. CONCLUSION AND ORDER

For the reasons above, it is

**ORDERED** Plaintiffs' appeal (D.E. 52) is **DENIED** and Judge Allen's Order (D.E. 50) is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiffs' former counsel John Rue & Associates; and it is further

**ORDERED** that the Court extends Judge Allen's Order deadlines (Order at 8) as follows: it is

**ORDERED** that Plaintiffs shall have until August 31, 2023 for new substitute counsel to enter an appearance on their behalf, or Plaintiffs G.W. and K.W. shall be deemed to represent themselves *pro se* and Plaintiff M.W. will be deemed unrepresented by counsel because "parents may not represent their children in IDEA cases in federal court." *R.B.*, 532 F. App'x at 137 n.1; and it is further

**ORDERED** that the State Defendants' pending motion to dismiss (D.E. 19) shall remain terminated until the August 31, 2023 deadline, at which time the State Defendants may file a new notice of motion to reinstate their previous motion.[2]

June 16, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

---

[2] The notice may rely on and cite to the prior motion papers, or attach new motion papers.